**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEANDRE MAIDEN and TRACEY MAIDEN o/b/o AMAAN MAIDEN, <br><br> Plaintiffs, <br><br> v. <br><br> NORTH BRUNSWICK TOWNSHIP SCHOOL DISTRICT, *et al.*, <br><br> Defendants. | Civil Action No. 19-18768 (MAS) (DEA) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendants North Brunswick Township School District (the "School District"), Cliff Parent, and Lucille O'Reilly's (collectively, "Defendants") Motion to Dismiss. (ECF No. 9.) Plaintiffs DeAndre Maiden and Tracey Maiden (collectively, "Plaintiffs"), on behalf of minor Amaan Maiden ("Amaan"), opposed Defendants' Motion (ECF No. 10), and Defendants replied (ECF No. 11). The Court has carefully considered the parties' submissions and decides this matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendants' Motion to Dismiss is granted.

## I. BACKGROUND

### A. Factual History

Amaan Maiden is a student in his senior year at North Brunswick High School, which is located within the School District. (Compl. ¶ 13, ECF No. 1.) Cliff Parent, who is Caucasian,

teaches math at North Brunswick High School. (*Id.* ¶ 4.) Lucille O'Reilly, who is Caucasian, teaches science at North Brunswick High School. (*Id.* ¶ 5.)

Between January 2018 and June 2018, and then again in October 2018, Amaan was "the target of harassment, intimidation[,] and bullying by staff and faculty working at the North Brunswick Board of Education, namely [] Parent and O'Reilly."[1] (*Id.* ¶ 16.) On three separate occasions during the relevant time period, O'Reilly threatened to throw Amaan out of her class, without having any reasonable basis for doing so, "in a race-based effort to discourage [] Amaan from academically competing with her Caucasian students." (*Id.* ¶ 17.)

On or about October 23, 2018, Parent "deducted [ten] points from one of [] Amaan's examinations following an incident that occurred in class between [] Parent and [] Amaan." (*Id.* ¶ 18.) Parent, however, did not deduct points from other students' examinations following similar incidents. (*Id.*) Plaintiffs contend that, even if discipline was warranted, the point deduction had "a significantly greater current and longer-term impact on [] Amaan's educational and career aspirations [compared to] more traditional disciplinary action." (*Id.*)

In or around November 2018, the School District conducted an investigation into these incidents. (*Id.* ¶ 19.) In or around November 28, 2018, the results of the investigation "confirmed that [] Amaan was the target of unlawful harassment, intimidation[,] and bullying." (*Id.* ¶ 20.) Defendants, however, "offered no relief to Plaintiffs notwithstanding the findings." (*Id.*)

---

[1] It is unclear to the Court whether Plaintiff refers to the "North Brunswick Board of Education" in error, intending to reference the School District, or whether Plaintiff is alleging that employees of a non-party entity were also involved in the allegations of the Complaint. The Court notes that this the only paragraph of the Complaint in which this entity is referenced. (*See generally* Compl.) Plaintiff does not allege that Parent and O'Reilly are employees of the North Brunswick Board of Education, and instead only alleges they are employees of the North Brunswick High School. (*See id.* ¶¶ 4, 5.)

2

### B.  Procedural History

On October 7, 2019, Plaintiffs filed a two-count Complaint against Defendants: Count One, alleging racial discrimination in violation of Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. § 2000d (Compl. ¶¶ 21–30); and Count Two, alleging racial discrimination in violation of the New Jersey Law Against Discrimination ("NJLAD"). N.J. Stat. Ann. §§ 10:5-1, *et seq.* (*id.* ¶¶ 31–36). On October 28, 2019, Plaintiffs filed proofs of service as to the School District and Parent. (ECF Nos. 3, 4.) On November 1, 2019, Plaintiffs filed proof of service as to O'Reilly. (ECF No. 5.) On November 29, 2019, Defendants filed the instant Motion to Dismiss. (ECF No. 9.)

## II.  LEGAL STANDARD

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original).

District courts undertake a three-part analysis when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)) (alteration in original). Second, the court must accept as true all of the plaintiff's well-pled factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). In doing so, the court is free to ignore legal conclusions or factually unsupported accusations that merely state, "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"

3

*Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). "The defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

## III. DISCUSSION

As a threshold matter, Defendants argue that Plaintiffs' Complaint should be dismissed with prejudice because it is barred by *res judicata* and the entire controversy doctrine. (Defs.' Moving Br. 7, ECF No 9-1.) Defendants aver that Plaintiffs' Complaint is "virtually identical" to a complaint Plaintiffs previously filed in the New Jersey Superior Court which Plaintiffs voluntarily dismissed with prejudice. (*Id.* at 8.) Defendants contend a voluntary dismissal with prejudice operates as a final judgment on the merits and, therefore, precludes Plaintiffs from asserting their Title VI and NJLAD claims here because they could have been asserted in the state court action. (*Id.*)

In opposition, Plaintiffs assert that "the 'judgment' Defendants are attempting to use to dismiss this case did not decide the matter in dispute, and it was certainly not decided on the merits." (Pls.' Opp'n Br. 4, ECF No. 10.) Plaintiffs argue that *res judicata*, accordingly, does not bar their instant Complaint. (*Id.*) The Court, therefore, begins with an analysis of these arguments.

### A. The New Jersey Superior Court Case

On May 8, 2019, Plaintiffs filed a complaint in the New Jersey Superior Court, Law Division, Middlesex County, against Defendants. (State Court Complaint ("State Ct. Compl."),

4

Ex. A to Defs.' Mot., ECF No. 9-2.)[2] The primary difference between the two documents are the claims alleged. Unlike the instant Complaint, Plaintiffs' State Court Complaint alleged three counts: Count One, for tortious and unlawful interference with secondary education and higher education prospects (State Ct. Compl. ¶¶ 19–24); and Counts Two and Three, for intentional infliction of emotional distress (*id.* ¶¶ 25–34). Plaintiffs did not assert the Title VI or NJLAD claims that are asserted in this matter. (*See id.*)

On July 31, 2019 Defendants moved to dismiss the State Court Complaint. (Defs.' Notice of Mot., Ex. B to Defs.' Mot., ECF No. 9-3.) On August 22, 2019 Plaintiffs filed a Stipulation of Dismissal With Prejudice as to Defendants. (Stipulation of Dismissal ("Stip. of Dismissal"), Ex. D to Defs.' Mot., ECF No. 9-5.) The Stipulation of Dismissal, which was signed by counsel for Plaintiffs and Defendants, read,

> IT IS HEREBY STIPULATED AND AGREED by and between Plaintiffs DeAndre Maiden and Tracey Maiden o/b/o Amaan Maiden [] and Defendants North Brunswick Township School District, Cliff Parent[,] and Lucille O'Reilly [] in the above entitled action, through their respective attorneys, that said action be dismissed with prejudice and without costs to either party.

(Stip. of Dismissal.)

### B. Plaintiffs' Claims Are Barred By *Res Judicata* and New Jersey's Entire Controversy Doctrine

The doctrine of *res judicata* "insulates courts from the inefficiency of relitigating claims that have already been resolved, thereby protecting the integrity of judgments and preventing the

---

[2] When considering a motion to dismiss, a court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine [. . .], in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, (2007)."A federal court may take judicial notice of the contents of another court's docket." *West v. Ortiz*, No. 16-8701, 2018 WL 2165324, at *2 (D.N.J. May 10, 2018), *aff'd sub nom.*, *West v. Warden Fort Dix FCI*, 740 F. App'x 237 (3d Cir. 2018) (citing *Orabi v. Attorney Gen. of the U.S.*, 738 F.3d 535, 537 (3d Cir. 2014)).

5

harassment of parties." *AHS Hosp. Corp. v. Mainardi Mgmt. Co., LP*, 2017 WL 2991874, at *2 (N.J. Super. Ct. App. Div. July 14, 2017) (quotation omitted). "Claim preclusion in the traditional sense tends to be subsumed by New Jersey's 'entire controversy' rule." *Kaul v. Christie*, 372 F. Supp. 3d 206, 238 (D.N.J. 2019). "In New Jersey, the entire controversy doctrine 'is an extremely robust claim preclusion device that requires adversaries to join all possible claims stemming from an event or series of events in one suit.'" *Id.* (quoting *Chrystal v. N.J. Dept. of Law & Public Safety*, 535 F. App'x 120, 123 (3d Cir. 2013)). A defense of *res judicata* may be properly raised on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6). *Dawes v. Publish Am. LLLP*, 563 F. App'x 117, 119 (3d Cir. 2014) (citing *Ball v. Famiglio*, 726 F.3d 448, 459 n.16 (3d Cir. 2013)). Similarly, "[a]pplication of New Jersey's entire controversy doctrine can be properly decided on a motion to dismiss." *Guaba v. World Sav. Bank*, No. 14-2408, 2014 WL 6870995, at *1 (D.N.J. Dec. 3, 2014) (citation omitted).

"It has long been established that [28 U.S.C.] § 1738 does not allow federal courts to employ their own rules of *res judicata* in determining the effect of state judgments." *Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 481–82 (1982). "Rather, it goes beyond the common law and commands a federal court to accept the rules chosen by the [s]tate from which the judgment is taken." *Id.*; *see also Parkview Assocs. P'ship v. City of Lebanon*, 225 F.3d 321, 329 (3d Cir. 2000) ("[T]he Supreme Court [has held] that state law rather than federal law determines whether a claim brought in federal court is precluded by a prior state court adjudication."); *Paramount Aviation Corp. v. Agusta*, 178 F.3d 132, 135 (3d Cir. 1999) (same).

The New Jersey *res judicata* doctrine is "nearly identical" to its federal counterpart. *See Sutton v. Sutton*, 71 F. Supp. 2d 383, 389 (D.N.J. 1999), *aff'd*, 216 F.3d 1077 (3d Cir. 2000); *see also Hoffman v. Nordic Nats., Inc.*, 837 F.3d 272, 276 (3d Cir. 2016) ("New Jersey's entire

6

controversy doctrine [] is New Jersey's 'application of traditional res judicata principles.'") In New Jersey, "the doctrine of *res judicata* bars relitigating claims when three conditions are met: (1) there was a final judgment on the merits; (2) the prior suit involved the same parties or their privies; and (3) the subsequent suit is based on the same transaction or occurrence." *Kolodzij v. Borough of Hasbrouck Heights*, No. 18-481, 2019 WL 2710663, at *2 (D.N.J. June 28, 2019) (citing *Watkins v. Resorts Int'l Hotel & Casino, Inc.*, 591 A.2d 592, 598 (N.J. 1991)). The Court addresses each of these factors in turn.

### 1. There Was a Final Judgment on the Merits

Defendants contend that the Stipulation of Dismissal, which was filed prior to the initiation of this federal action, represents a final judgment on the merits for *res judicata* purposes. (Defs.' Moving Br. 13.) Plaintiffs counter by asserting that because the Stipulation of Dismissal was filed before a judge ruled on the underlying merits of the State Court Complaint, "there was no final judgment in Plaintiffs' first suit, as those claims were never litigated—the matter was never assessed on the merits." (Pls.' Opp'n Br. 3.) Additionally, Plaintiffs aver that its "claims and allegations have never been before the Court." (*Id.* at 6.) Plaintiffs' argument is unconvincing and unsupported by the relevant authority.

"A judgment of involuntary dismissal or a dismissal with prejudice constitutes an adjudication on the merits 'as fully and completely as if the order had been entered after trial.'" *Velasquez v. Franz*, 589 A.2d 143, 148 (N.J. 1991) (quoting *Gambocz v. Yelencsics*, 468 F.2d 837 (3d Cir.1972)); *see also Kolodzij*, 2019 WL 2710663, at *3 (holding that plaintiff's voluntary dismissal with prejudice of his state court lawsuit was "a final judgment on the merits with preclusive effect"); *Jackson v. Dow Chem. Co.*, 518 F. App'x 99, 102 (3d Cir. 2013) ("[Plaintiff's]

7

voluntary dismissal with prejudice of his remaining ADA claims also operated as a final judgment on the merits for purposes of claim preclusion.") (citation omitted).

Here, the Court finds that the Stipulation of Dismissal was a final judgment on the merits. Plaintiffs voluntarily made the decision to dismiss the State Court Complaint with prejudice. Plaintiffs could have sought dismissal without prejudice[3] or could have sought leave to file an amended complaint. They did neither, and the Stipulation of Dismissal was filed prior to the initiation of this action. As discussed above, a voluntary dismissal with prejudice is a final judgment on the merits for the purposes of claim preclusion. The Court, accordingly, finds that there was a previous final judgment on the merits.

### 2. Plaintiffs' State Court Complaint Involved the Same Parties

Here, there is no dispute that Plaintiffs' Complaint asserts claims against the same Defendants as the State Court Complaint. (*Compare* State Ct. Compl. ¶¶ 3–5 *with* Compl. ¶¶ 3–5.) The Court finds, therefore, that this prong of the *res judicata* and entire controversy analyses is satisfied.

### 3. Plaintiffs' Complaint is Based on the Same Transaction or Occurrence as the State Court Complaint

"*Res judicata* does not require the claims asserted in the prior litigation to be identical to the claims asserted in the subsequent litigation; instead . . . causes of action are deemed part of a single 'claim' if they arise out of the same transaction or occurrence." *Kolodzij*, 2019 WL 2710663, at *3 (internal quotation omitted); *see also Taylor v. Ambrifi*, No. 15-328, 2019 WL 1650082, at *5 (D.N.J. Apr. 17, 2019) ("[T]he identity of the cause of action refers not only to claims actually

---

[3] "A dismissal without prejudice is not an adjudication on the merits and does not bar reinstitution of the same claim in a later action." *JP Morgan Chase Bank, Nat'l Ass'n v. Anise*, 2017 WL 6546899, at *2 (N.J. Super. Ct. App. Div. Dec. 21, 2017) (citation omitted).

8

litigated, but to those that could have been litigated in the earlier suit if they arise from the same underlying transaction or events.").

"The New Jersey entire controversy doctrine is a particularly strict application of the rule against splitting a cause of action. . . . Thus[,] it precludes not only claims which were actually brought in previous litigation, but also claims that could have been litigated in the previous litigation." *Bennun v. Rutgers State Univ.*, 941 F.2d 154, 163 (3d Cir. 1991), *abrogated on other grounds by Vernon v. A & L Motors*, 381 F. App'x 164 (3d Cir. 2010). "When the court finds that a claim not joined under the original action falls within the scope of the doctrine, that claim is barred." *See Coleman v. Chase Home Fin., LLC*, 446 F. App'x 469, 471 (3d Cir. 2011) (citing N.J. Ct. R. 4:30A ("[n]on-joinder of claims required to be joined by the entire controversy doctrine shall result in the preclusion of the omitted claims to the extent required by the entire controversy doctrine. . .")).

To determine whether subsequent claims arise out of the same transaction or occurrence, a court will look to the commonality of the facts rather than the commonality of issues or legal theories. *See Coleman*, 446 F. App'x at 472. Specifically, a court considers "whether the acts complained of were the same, whether the material facts alleged in each suit were the same, and whether the witnesses and documentation required to prove such allegations were the same." *Dowdell v. Univ. of Med. & Dentistry of N.J.*, 94 F. Supp. 2d 527, 540 (D.N.J. 2000) (quoting *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 984 (3d Cir. 1984)).

Here, the material facts which give rise to the instant Complaint are identical to those asserted in the State Court Complaint. (*Compare* State Ct. Compl. ¶¶ 11–18 *with* Compl. ¶¶ 13–20.) In both documents, Plaintiffs allege that: (1) Amaan was the target of non-specific "harassment, intimidation[,] and bullying"; (2) Amaan suffered a legal injury when O'Reilly

9

threatened to throw Amaan out of class without reasonable justification for such actions; and (3) Amaan suffered legal injury when Parent deducted 10 points from one of Amaan's examinations. (*Compare* State Ct. Compl. ¶¶ 11–18 *with* Compl. ¶¶ 13–20.) The conduct complained of is identical, the material facts are the same, and the same evidence would be required to prove both sets of allegations. The only difference between the documents are the legal theories; the state court action was based on New Jersey tort law while the present action includes Title VI and NJLAD claims. The Court finds, therefore, that the claims alleged in the Complaint arise out of the same transaction or occurrence as those alleged in the State Court Complaint and, accordingly, are barred by *res judicata* and the entire controversy doctrine.[4]

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is granted. The Court, however, will permit Plaintiffs an opportunity to file an amended complaint to cure the deficiencies outlined above. The Court will enter an Order consistent with this Memorandum Opinion.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: June 30, 2020

---

[4] The Complaint is similarly barred by the entire controversy doctrine because "(1) the judgment in the prior action is valid, final, and on the merits; (2) the parties in the later action are identical to or in privity with those in the prior action; and (3) the claim in the later action grows out of the same transaction or occurrence as the claim in the earlier one." *Kolodzij*, 2019 WL 2710663, at *3 (quotation omitted).

10